IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CR-90-BO-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| JAYNELL LYNN ECHOLS, | ) | |
| | ) | |

This matter is before the Court on defendant Jaynell Echols's appeal of Magistrate Judge Jones's detention order, to which the government responded in opposition. [DE 19, 20]. A *de novo* hearing was held before the undersigned in Raleigh, North Carolina, on November 19, 2014. *United States v. Boyd*, 484 F.Supp.2d 486, 487 (4th Cir. 2007) (citations omitted). For the following reasons, the motion for an order revoking the detention order is DENIED.

Ms. Echols is charged with six crimes for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, thus she must overcome a rebuttable presumption requiring detention. 18 U.S.C. § 3142(e)(3)(A). To do so, Ms. Echols offered her father, John Everett, Jr., as a third party custodian. After hearing Mr. Everett's testimony, the Court finds that defendant has rebutted the presumption of detention.

Given the evidence presented, however, the Court finds that the government has proven by clear and convincing evidence that there are no conditions that will reasonably assure the safety of the community and by a preponderance of the evidence that there are no conditions that will ensure Ms. Echols's appearance in court. 18 U.S.C. § 3142(e)(1). With regard to the safety of the community, the evidence against Ms. Echols is very strong. *See* § 3142(g)(2). Jacksonville Police Officer Christopher Thomas testified that the government has audio and video recordings

of Ms. Echols selling narcotics to an informant four separate times, that one of those purchases took place in the proposed third-party custodian's yard, and that defendant has carried a firearm. Moreover, Ms. Echols's proposed release plan involves returning her to the home where the crime allegedly occurred. The Court therefore finds the potential third party custodian arrangement inadequate to ensure the safety of the community. Ms. Echols was on state probation at the time of the alleged offenses in this case, which, combined with two other probation violations, assures the Court that Ms. Echols is unlikely to abide by any release conditions it sets. *See* § 3142(g)(3)(B). Given the weight of the evidence, defendant's prior failures on probation, and the inadequacy of the third party custodian arrangement, the Court finds by clear and convincing evidence that there are no conditions that will ensure the safety of the community.

With regard to Ms. Echols's appearance in court, the charged offenses carry high maximum sentences. Moreover, Officer Thomas testified that the whereabouts of defendant's indicted co-conspirator, Orion James, are unknown. This greatly concerns the Court, particularly given the testimony that James is the higher ranking member of the conspiracy. Combining these facts with defendant's failures on supervision, the Court finds by a preponderance of the evidence that there are no conditions that will ensure Ms. Echols's appearance if released.

Accordingly, defendant's motion for an order revoking the previously entered detention order is DENIED.

SO ORDERED, this 20 day of November, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2

Case 7:14-cr-00090-BO   Document 24   Filed 11/20/14   Page 2 of 2